# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )        Crim. Action No. 15-0171 (ABJ)
                                        )
NED MCCALLISTER,                        )
                                        )
                Defendant.              )
_____)

## MEMORANDUM OPINION

In this opinion, the Court joins the chorus of judges declaring that a robbery in violation of the Hobbs Act is a "crime of violence" for purposes of 18 U.S.C. § 924(c).

Defendant Ned McCallister has been charged in an indictment with attempting to obstruct interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and with carrying a firearm during and in furtherance of a crime of violence during that robbery, in violation of 18 U.S.C. § 924(c)(1).  Indictment [Dkt. # 1].  Defendant moved to dismiss Count Two, the charge seeking an enhanced penalty under section 924(c)(1), on the grounds that the Hobbs Act robbery offense in Count One "categorically fails to qualify as a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)(A)," and because "the residual clause of § 924(c)(3)(B) is unconstitutionally vague" under the Supreme Court's recent ruling in _Johnson v. United States_, 135 S. Ct. 2551 (2015).  Def.'s Mot. to Dismiss Count Two of the Indictment [Dkt. # 16] ("Def.'s Mot.") at 1.  The Court finds the defendant's insistence on the use of the categorical approach in connection with this provision and at this stage of the proceedings to be misplaced.  Moreover, the Court finds that a Hobbs Act robbery qualifies as a crime of violence under section 924(c)(3)(A).  For those reasons, and for the reasons set forth in more detail below, the Court denied defendant's motion to dismiss Count Two at the hearing on the motion held on May 17, 2016, _see_ Min. Entry (May 17,

2016), and it need not reach defendant's claim that the residual clause of section 924(c)(3)(B) is unconstitutionally vague.

## BACKGROUND

### I.     Factual Background

This case involves a botched and ultimately deadly armed robbery of a liquor store.  *See* Gov't Mem. for Pretrial Detention [Dkt. # 3] at 1.  The indictment charges that on October 26, 2015, defendant attempted to take and obtain personal property from the presence of an employee of Morris Miller Wine & Liquor in Washington, D.C. "against his will by means of actual and threatened force, violence, and fear of injury, immediate and future," in violation of 18 U.S.C. § 1951.  Indictment at 1–2.  It also charges that defendant did knowingly and unlawfully use, carry, and possess a Taurus .38 special revolver during and in relation to the commission of that robbery, in violation of 18 U.S.C. § 924(c)(1).  *Id.* at 2.

On April 18, 2016, defendant moved to dismiss Count Two of the indictment.  Def.'s Mot. The government opposed the motion on May 5, 2016, and defendant filed his reply on May 12, 2016.  Gov't Opp. to Def.'s Mot. [Dkt. # 18] ("Gov't Opp."); Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 20].  The Court held a hearing on the motion on May 17, 2016.

### II.    Statutory Background

Section 924(c)(1) provides for an enhanced punishment for a defendant who uses, carries, or possesses a firearm "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).  Section 924(c)(3)(A) is referred to as the "force clause" of the statute, while section 924(c)(3)(B) is referred to as the "residual clause."[1]

In this case, defendant has been charged with a violation of the Hobbs Act, 18 U.S.C. § 1951.  That statute provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  The statute defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

---

1       In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was too vague to comport with "the Constitution's guarantee of due process."  135 S. Ct. at 2563.  The ACCA residual clause and the section 924(c)(3)(B) residual clause are similar, but not identical.  *Compare* 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" as a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another").  In his motion, defendant argues that the residual clause in section 924(c)(3)(B) should be found to be unconstitutionally vague in light of *Johnson*.  Def.'s Mot. at 23–30.  But because the Court finds that Hobbs Act robbery qualifies as a crime of violence under the force clause, it need not reach this issue.

**ANALYSIS**

I.      **The "categorical approach" does not apply when determining, on a pre-trial motion to dismiss, whether an offense qualifies as a crime of violence under section 924(c).**

Defendant has moved to dismiss Count Two of the indictment on the grounds that the Hobbs Act robbery offense underlying the section 924(c) charge does not qualify as a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3)(A).  Def.'s Mot. at 1.  Relying on Supreme Court precedent that requires a sentencing court to employ a "categorical," elements-based approach in determining whether a prior offense qualifies as a predicate crime for a sentencing enhancement, defendant argues that Hobbs Act robbery "can only qualify as a 'crime of violence' if all the criminal conduct covered by [the] statute – 'including the most innocent conduct' – matches or is narrower than the 'crime of violence' definition."  *Id.* at 5–6, quoting *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  Because he can hypothesize three ways in which a Hobbs Act robbery could be committed without what he maintains is the requisite level of force, defendant insists that a section 1951 charge cannot provide a basis for a section 924(c)(3) "crime of violence" sentencing enhancement.  *Id.* at 5–20.

In the Court's view, the fundamental problem with defendant's motion is that the precedent he relies upon, which was developed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924*(e)*, does not apply to the instant situation:  a pre-trial motion to dismiss a count premised on section 924*(c)*.

Section 924 of Title 18 provides for enhanced penalties for offenses involving firearms under certain circumstances, and each of the subsections is different.  Under the ACCA, which was promulgated in 1984 and is embodied in section 924(e), any person who commits a firearms offense in violation of 18 U.S.C. § 922(g) "and has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years."

18 U.S.C. § 924(e)(1).  The terms "violent felony" and "serious drug offense" are specifically defined for purposes of this provision in subsection 924(e)(2).

A review of the Supreme Court jurisprudence applying the ACCA reveals that the Court has required sentencing courts to look solely at the elements of the offense of conviction to eliminate any unfairness or uncertainty, as well as any potential constitutional problems that could arise, when significant penalties are predicated on "previous" convictions.  In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court addressed the question of whether the sentencing court must only look to the statutory definitions of the prior offenses that might serve as the predicate for an enhancement under section 924(e), or whether it was permitted to consider other evidence concerning the defendant's prior crimes.  *Id.* at 600.  Based upon the language of section 924(e), the legislative history of the enhancement statute, and the "practical difficulties and potential unfairness of a factual approach," which it considered to be "daunting," the Court decided that section 924(e) generally required a categorical approach.  *Id.* at 600–01.

The problem that arose in *Taylor* was that the definition of "violent felony" in section 924(e) includes not only any offense that "has as an element the use, attempted use, or threatened use of physical force," but also a list of specific offenses, including burglary and extortion. 18 U.S.C. § 924(e)(2)(B).  Faced with the question of whether the sentencing enhancement could be properly based on a conviction for second degree burglary from a state that defined burglary more broadly than the generic definition embodied in the statute, the Court recognized that the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases," and that in those limited circumstances, the indictment or jury instructions would illuminate what it was that the jury was actually required to find.  *Taylor*, 495 U.S. at 602.

5

In *Shepard v. United States*, 544 U.S. 13 (2005), the Court was faced with a conflict in the circuits concerning whether the *Taylor* ruling should apply when the prior convictions stemmed from guilty pleas instead of jury verdicts, *id.* at 19, and it observed: "certainly, 'the practical difficulties and potential unfairness of a factual approach are daunting,' no less in pleaded than in litigated cases." *Id.* at 20, quoting *Taylor*, 495 U.S. at 601. The *Shepard* Court also expressed the concern that if the sentencing judge were to "make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea," such judicial fact-finding could raise Sixth Amendment concerns under *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 25. It decided to adhere to the "demanding requirement" that had been in effect since *Taylor* "that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to" a predicate violent felony under the statute. *Id.* at 24.

In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Court insisted again on the use of an elements-based, instead of a facts-based, inquiry when sentencing a defendant under the ACCA. It stressed that in *Shepard*, due to the divisible nature of the state burglary statute, "[n]o one could know, just from looking at the statute, which version of the offense [the defendant] was convicted of," and so the sentencing court was authorized to review a narrow set of materials related to the predicate offense for the sole purpose of resolving that uncertainty. *Id.* at 2284. The Court then repeated its three reasons for adopting the "elements-centric, 'formal categorical approach'": "First, it comports with ACCA's text and history. Second, it avoids the Sixth Amendment concerns that would arise from sentencing courts' making findings of fact that

properly belong to juries.  And third, it averts 'the practical difficulties and potential unfairness of a factual approach.'"  *Id.* at 2287, quoting *Taylor*, 495 U.S. at 601.[2]

None of these concerns are implicated here because section 924(c) does not involve enhanced penalties premised on "previous" or "prior" convictions.  The sentencing court not only could, but will know what the defendant has been convicted of, because the enhancement will be based solely upon the offense being presented to the factfinder in the same case.

This interpretation is supported by the text of the statute.  Section 924(c) provides:

> [A]ny person who, *during and in relation to* any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i) (emphasis added).[3]  Thus, the plain language of the provision does not include the specific reference to "convictions" that led the Supreme Court to call for a categorical approach in *Taylor*.  *See* 495 U.S. at 600 ("[T]he language of § 924(e) generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.  Section 924(e)(1) refers to 'a person who . . . has three previous *convictions*' for – not a person who has *committed* – three previous violent felonies or drug offenses.") (emphasis added).

---

2       At oral argument, counsel for the defendant was unable to address which if any of the reasons underlying the Supreme Court's utilization of the categorical approach would militate in favor of its use here.

3       The penalties increase if the firearm is brandished or discharged, 18 U.S.C. § 924(c)(1)(A)(ii)–(iii), and the terms "drug trafficking crime" and "crime of violence" are specifically defined within section 924(c).  *See* 18 U.S.C. § 924(c)(2)–(3).

More important, the two provisions of the statute work differently.  Here, defendant is charged with the robbery of a commercial establishment in violation of the Hobbs Act, "in that [he] did unlawfully attempt to take and obtain personal property . . . from the presence of an employee against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person."  Indictment at 1–2.  In Count Two, the indictment alleges that defendant unlawfully used, carried, and possessed a firearm during, in relation to, and in furtherance of *that offense*, not a prior offense.  *Id.* at 2.

So when determining whether defendant's Hobbs Act offense qualifies as a predicate crime of violence for purposes of the section 924(c)(1) charge, there will be no need to look back in time and figure out what happened in another court.  If defendant enters a plea of guilty, the Court will be well aware of exactly what facts defendant admitted, and whether or not they support the enhancement.  If defendant goes to trial, a properly instructed jury will make the necessary factual findings on Count Two, and the verdict form could include special interrogatories if necessary.  Any concerns about whether the elements of section 924(c)(3) can be established will be alleviated through the use of proper jury instructions, and there will be no *Apprendi* issue.  In either case, there will be no mystery about what the jury found or what facts were admitted, and none of the concerns that led to the Supreme Court's insistence on the use of the categorical approach when applying the ACCA will arise.

As the Fourth Circuit succinctly explained in *United States v. Cabrera-Umanzor*, 728 F.3d 347 (4th Cir. 2013), "[t]he point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence."  *Id.* at 350

(emphasis in original).  Since that will be known in this case, there is no point to the categorical inquiry, and certainly no point in undertaking it at this early stage.

Indeed, defendant does not even make a serious attempt in his pleadings to persuade the Court that the categorical approach does or should apply to section 924(c) or a motion filed at this juncture.  While he devotes thirty-one pages of his motion to advancing the proposition that an armed robbery under the Hobbs Act might not qualify as a "crime of violence," on this critical predicate question, he simply asserts in a halfhearted footnote:  "[a]lthough *Descamps* involved the categorical approach as applied to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a 'crime of violence' under 18 U.S.C. § 924(c).  *See United States v. Fuertes*, 805 F.3d 485, 498 (4th. Cir. 2015)."  Def.'s Mot. at 5 n.3.[4]

It is true that the Fourth Circuit utilized a categorical approach in *Fuertes*, but it was reviewing a conviction under section 924(c) in a post-trial appeal.  *See* 805 F.3d at 490.  The Court of Appeals found that the trial judge had erred in instructing the jury that the predicate offense in that case, sex trafficking in violation of 18 U.S.C. § 1591(a), was categorically a "crime of violence" as a matter of law.  *Id.* at 500.  But the statute at issue in that case, which criminalizes conduct committed through fraudulent means as well as by force, *see id.* at 499, is distinguishable from the robbery provision of the Hobbs Act, which requires the use of actual or threatened force. 18 U.S.C. § 1951(b)(1).  And furthermore, in *Fuertes*, the issue arose at a markedly different point in the proceedings.  Thus, defendant can point to no authority from the Supreme Court, the D.C.

---

4       The defense had nothing more to say at oral argument.  When asked why the categorical approach applicable to section 924(e) should apply to section 924(c), counsel simply informed the Court that the definitions of "crime of violence" and "violent felony" in the two subsections are substantially the same.  But this does little to answer the question, which turns upon what the definitions are being applied to:  in the case of the ACCA, a previous conviction; and in section 924(c), the crime during which the firearm was carried.

Circuit, or any other court that would authorize the pre-trial dismissal of a count of an indictment

on the grounds advanced here.

The Court notes that it is not alone when it expresses skepticism about the applicability of

the elements-based approach to a pre-trial motion to dismiss a count based on section 924(c).  As

the court observed in *United States v. McDaniels*, No. 1:15-CR-171, 2015 WL 7455539 (E.D. Va.

Nov. 23, 2015):

> [A] close reading of . . . *Fuertes* points persuasively to the conclusion that
> the categorical approach does not apply to pre-trial determinations as to
> whether a crime qualifies as a § 924(c) crime of violence. . . . [I]t would
> make no sense to apply the categorical approach to a pre-trial motion to
> dismiss an indictment because the practical considerations that gave rise to
> the categorical approach in the sentencing context are not present on a pre-
> trial motion to dismiss an indictment.

*Id.* at *3–4; *see also, e.g.*, *United States v. Morgan*, No. CR 14-20610, 2015 WL 9463975, at *2

(E.D. Mich. Dec. 18, 2015) ("[T]his Court's examination of the relevant authorities failed to

produce a single case where a federal court explicitly endorsed the 'categorical approach' in

evaluating the validity of the criminal charges of an indictment on a pretrial motion to dismiss.").[5]

At bottom, defendant's approach seems to ignore the legal underpinnings of his motion.

We are not engaged in an academic discussion about the potential scope of a Hobbs Act robbery

in general; defendant has asked the Court to dismiss Count Two, pursuant to Federal Rules of

---

5       At the hearing, defense counsel directed the Court to *United States v. Bell*, No. 15-cr-
00258-WHO, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016), in which a district court employed the
categorical approach to dismiss a section 924(c) charge based on the predicate offense of robbery
of property of the United States, in violation of 18 U.S.C. § 2112. *Id.* at *8–10.  But that statute is
clearly distinguishable from the Hobbs Act, because it makes no reference to the use or threatened
use of violent force in the commission of the offense.  *See* 18 U.S.C. § 2112 ("Whoever robs or
attempts to rob another of any kind or description of personal property belonging to the United
States, shall be imprisoned not more than fifteen years.").  And in any event, the court in that case
did not engage in any analysis of whether or why it was appropriate to employ the categorical
approach at the pre-trial motion to dismiss stage, and so it provides the Court with no basis to
examine the logic of its decision.

Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v), on the grounds that the indictment does not state

a claim against him.[6]  So the beginning – and end – of the Court's inquiry necessarily must be that

indictment.[7]

Here, Count Two alleges that defendant used a firearm in connection with a *specific* Hobbs

Act robbery:  the robbery alleged in Count One.   Indictment at 2.   Count One alleges that the

robbery involved was committed "by means of actual and threatened force, violence, and fear of

injury, immediate and future, to [a] person."   *Id.* at 1–2.  Because the particular predicate offense

identified in the indictment necessarily requires the use of "actual or threatened force, or violence,

or fear of injury" to person or property, *see* 18 U.S.C. § 1951(b)(1), the Court finds that defendant

has been charged with an offense that "has as an element the use, attempted use, or threatened use

---

6   "Because a court's 'use[ ] [of] its supervisory power to dismiss an indictment . . . directly
encroaches upon the fundamental role of the grand jury,' dismissal is granted only in unusual
circumstances."   *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015), quoting
*Whitehouse v. U.S. Dist. Ct.*, 53 F.3d 1349, 1360 (1st Cir. 1995).   For an indictment to state an
offense, it "need only inform the defendant of the precise offense of which he is accused so that
he may prepare his defense."   *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014).   The
indictment in this case plainly satisfies that standard.

7   Counsel for the defendant agreed at oral argument that the Court could consider the
indictment, even if it applied the categorical approach.

of physical force against the person or property of another," and that the offense specified in Count

Two therefore qualifies as a "crime of violence" under section 924(c)(3)(A).[8]

Because the categorical approach does not apply to a pre-trial motion to dismiss a count of

an indictment, and because the indictment makes clear that the Hobbs Act robbery charged *in this*

*case* qualifies as a predicate crime of violence under 18 U.S.C. § 924(c)(3)(A), defendant's motion

to dismiss Count Two of the indictment is denied.

## II.   Even if the categorical approach was relevant to a pre-trial motion to dismiss, defendant's motion would still be denied because Hobbs Act robbery qualifies as a crime of violence under section 924(c)(3)(A).

Even if the Court were to utilize a pure categorical analysis, defendant's motion would still

fail, because a Hobbs Act robbery categorically qualifies as a crime of violence under the force

clause of section 924(c)(3).  Under the categorical approach, "[s]entencing courts may 'look only

to the statutory definitions' – *i.e.*, the elements – of a defendant's . . . offenses, and *not* 'to the

particular facts underlying those convictions,'" to determine whether an offense qualifies as a

predicate crime for a sentencing enhancement.  *Descamps*, 133 S. Ct. at 2283, quoting *Taylor*, 495

---

8       As another district court judge observed when asked to dismiss a defendant's section 924 charge on similar grounds:

> [T]he indictment charges [the defendant] with committing robbery by "actual and threatened force, violence, and fear of immediate injury to the employee's person."  The jury will accordingly be instructed that in order to convict [defendant] of this offense, it will have to unanimously find that he committed the robbery in that manner.  Thus, contrary to [the defendant's] suggestion, it is not possible for him to be convicted for placing someone in fear of future injury to a family member or to property.  Because the government will have to prove beyond a reasonable doubt, and the jury will have to unanimously find, that [the defendant] committed the robbery through actual or threatened force, violence, or fear of immediate injury to an individual's person, that conduct constitutes an element of this offense.

*United States v. Crawford*, No. 3:15-CR-070 JD, 2016 WL 320116, at *2 (N.D. Ind. Jan. 27, 2016) (internal citations and footnotes omitted).

U.S. at 600.  If the relevant statute – here, the Hobbs Act – has the "same elements" as a crime of violence as defined in section 924(c)(3), then it can serve as a predicate offense for the sentencing enhancement.  *See id.*

Here, a comparison of the elements of a Hobbs Act robbery with the definition of a crime of violence set forth in section 924(c) demonstrates that defendant's motion to dismiss must be denied.  Section 924(c)(3)(A) provides that a felony qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The Hobbs Act criminalizes "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  18 U.S.C. § 1951(b)(1).  Clearly, then, a robbery in violation of the Hobbs Act "has as an element the use, attempted use, or threatened use of physical force," and it qualifies as a crime of violence under the force clause of section 924(c)(3).

The determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson*.  *See, e.g.*, *United States v. Bennett*, No. 3:15CR134, 2016 WL 354753, at *4 (E.D. Va. Jan. 27, 2016) (observing that "post-*Johnson*, numerous district courts – including this one – have held that robbery offenses qualify as crimes of violence under § 924(c)(3)(A)," and that the defendant "fails to cite any case holding otherwise in the Hobbs Act robbery context") (collecting cases); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070, at *6 (E.D. Wis. Nov. 6, 2015) ("Since *Johnson* issued, several courts have found that Hobbs Act crimes qualify as crimes of violence under the force clause, which was unaffected by *Johnson*."); *United States v. Redmond*, No. 3:14-CR-00226-MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct.

13, 2015) (holding that Hobbs Act robbery indictment alleging that the defendant employed "means of actual and threatened force, violence, and fear of immediate and future injury" "specifically alleges a crime of violence as defined under § 924(c)(3)(A)"); *United States v. Standberry*, No. 3:15CR102-HEH, 2015 WL 5920008, at \*5 (E.D. Va. Oct. 9, 2015) ("Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A).") (collecting cases); *see also* Gov't Opp. at 5–6 (collecting cases).[9]

---

9      Eighteen years ago, the D.C. Circuit indicated in *United States v. Kennedy*, 133 F.3d 53 (D.C. Cir. 1998), that a Hobbs Act robbery qualifies as a crime of violence under section 924(c). In that case, the defendant was convicted of violations of both 18 U.S.C. § 1951 and 18 U.S.C. § 924(c), among other charges. *Id.* at 56. He appealed his sentence, and he argued that his section 924(c) conviction "must be vacated because the Hobbs Act charges cannot constitute predicate crimes of violence" for purposes of the section 924(c) enhancement. *Id.* at 56–57.

While the Court did not discuss the distinction between the force clause and the residual clause, and it is not clear that the issue was squarely presented in that case, the *Kennedy* opinion suggests that the Court may have been evaluating the issue under the residual clause only. *See id.* at 57 ("Because the mere fact of conviction under the Hobbs Act does not establish whether a defendant was convicted of a violent or nonviolent crime . . . the district court was entitled to look at the indictment or jury instructions to determine whether the charged crime was 'by its nature' a crime of violence *pursuant to § 924(c)(3)(B)*.") (emphasis added). However, its ultimate holding was more general:

> The indictment charged appellant with two counts of "Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951(a) and (2)." Because robbery that affects interstate commerce is a violent felony prohibited by the Hobbs Act, and because the indictment establishes that appellant was being charged with such a crime, appellant's contention that his crimes did not constitute "crimes of violence" and "serious violent felonies" for the purposes of the sentencing enhancement statutes fails.

*Id.* at 58. Thus, while *Kennedy* does not squarely answer the question in this case, it at least provides some indication that the D.C. Circuit has viewed Hobbs Act robbery as a crime of violence in the past.

Despite this overwhelming precedent, defendant argues that a Hobbs Act robbery categorically fails to qualify as a crime of violence under the force clause for three reasons:

> First, the offense can be accomplished by placing one in fear of injury to *intangible property*. Second, the offense can be accomplished by placing one in fear of *injury* to his person without the use, attempted use, or threatened use of *violent physical force*. Third, the offense can be accomplished without the *intentional* threat of the same.

Def.'s Mot. at 1. According to the defense, since the "most innocent conduct" criminalized by the Hobbs Act can be carried out without "violent physical force," Hobbs Act robbery is too broad to serve as a predicate crime of violence under the force clause. *Id.* at 11–20.

But not one of the defendant's three hypothetical scenarios warrants the dismissal of Count Two at this early stage. These arguments have been rejected by a multitude of district courts considering the same issue (raised in substantially similar pleadings), and defendant has failed to persuade the Court that it should reach a different result here.[10]

### A.   Threat to Intangible Property

Defendant first insists that because, as he reads it, the force clause "requires *violent (i.e., strong) physical force* against person or property," a Hobbs Act robbery cannot qualify as a crime of violence because "it can be accomplished by threatening injury to another's *intangible property*." Def.'s Mot. at 11.

---

10   Defendant may disagree with what he characterizes as a "handful" of district judges who have rejected identical arguments challenging section 924(c)(1) charges predicated on Hobbs Act robberies, *see* Def.'s Mot. at 20–23, but he fails to provide any basis for this Court to diverge from the weight of case law on this issue, and he does not direct the Court to a single decision in which a court presented squarely with this question ruled in the defendant's favor. Moreover, even if defendant's arguments could have some force if one is looking at the fact of a prior conviction under section 924(e), the hypothetical scenarios make no sense at all in the section 924(c) context, where the provision can only be invoked if the robbery was allegedly committed with a firearm.

This contention is not supported by the plain language of either provision.  Neither the force clause in section 924(c)(3)(A) nor the Hobbs Act distinguishes between tangible and intangible property – both speak only in terms of actual or threatened force against "property." *Compare* 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another") *with* 18 U.S.C. § 1951(b)(1) ("The term 'robbery' means the unlawful taking or obtaining of personal property . . . by means of actual or threatened force, or violence, or fear of injury . . . to his person or property . . . .").  In other words, "[t]here is no indication in the respective statutes that the word 'property' should be read to include only tangible property in the force clause while being read to include intangible property in the robbery provision of the Hobbs Act." *United States v. Hancock*, No. GJH-13-0274, 2016 WL 899239, at *4 (D. Md. Mar. 2, 2016). So, "to the extent that [defendant] attempts to minimize the level of force one can apply to property and still be found guilty of Hobbs Act robbery, there would be no reason not to apply the same analysis to both statutes." *Id.*

The cases upon which defendant relies to advance this argument are inapposite – each deals with extortion under the Hobbs Act, not the separate and distinct offense of robbery.  *See* Def.'s Mot. at 11, citing *United States v. Arena*, 180 F.3d 380, 392 (2d. Cir. 1999), *United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970), and *United States v. Local 560 of the Int'l Brotherhood of Teamsters*, 780 F.2d 267, 281 (3d Cir. 1986).  Furthermore, as the judge in the *Hancock* case observed when presented with the same cases and argument, the authorities "offer little, if any, support for the proposition for which they [were] cited," because "at least two of the three cases cited very clearly involved the use of threatened use of force against person or property," and "[t]o the extent these cases deal with 'intangible property,' it appears to be in the context of the property

being extorted, i.e., taken, not the property being subjected to threats or actual force or fear of injury." 2016 WL 899239, at *4; *accord United States v. Crawford*, No. 3:15-CR-070 JD, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016).

Defendant also argues that his position "is reinforced by the Government's recent concession that Maryland common law robbery is not [a] 'crime of violence' under the almost-identical ACCA/career offender force clause." Def.'s Mot. at 12. But defendant overlooks an important difference between the ACCA force clause and the section 924(c)(3)(A) force clause: the ACCA force clause lacks any reference to property. *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as certain crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another"). "[A]lmost-identical" is not the same thing as identical, and the government's interpretation of the ACCA has no bearing on whether a crime against property committed in violation of the Hobbs Act qualifies as a crime of violence for purposes of section 924(c)(3)(A).

## B.      Fear of Injury to the Person

Defendant also argues that a Hobbs Act robbery does not constitute a crime of violence because it can be accomplished merely "by placing another in fear of injury to his person." Def.'s Mot. at 13. He insists that "[t]his action, at most, constitutes a threat of *injury* to another, which squarely does not require the use or threatened use of 'violent force' against another, i.e., 'strong physical force' necessary to constitute a 'crime of violence' under the 'force' clause." *Id.*, citing *Johnson*, 559 U.S. at 140.

Defendant's argument is unpersuasive. Key to the offense of Hobbs Act robbery "is the necessity for a taking, from another individual, against their will, property by means of actual or threatened force or violence – or fear of injury." *Standberry*, 2015 WL 5920008, at *4. "The

phrase 'fear of injury' must be read and construed in context with the other language contained in 18 U.S.C. § 1951(b)(1)." *Id.*, citing *Johnson*, 559 U.S. at 139–40. "Fear is the operative element facilitating the taking," and "[u]nder a commonsense analysis, any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.*

For that reason, "even since *Johnson* was decided in June 2015, over a dozen district courts have considered this question, and those courts have unanimously held that Hobbs Act robbery is a crime of violence under the force clause, even in light of the 'fear of injury' prong." *Crawford*, 2016 WL 320116, at *3 (collecting cases). The Court joins those other district courts in finding that "a defendant who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force,'" which is sufficient to qualify it as a predicate crime of violence under the force clause. *Bennett*, 2016 WL 354753, at *4 (internal quotation marks and citations omitted); *see also, e.g.*, *United States v. Walker*, No. 3:15CR49, 2016 WL 153088, at *5 (E.D. Va. Jan. 12, 2016) ("[C]ommon sense dictates that any 'fear of injury' flows from the fear of physical force."); *United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166, at *4 (E.D.N.C. Oct. 26, 2015) ("Where the victim necessarily experiences fear of bodily injury or fear of property injury, by definition, he must experience force capable of causing said injury.").

Defendant relies heavily on the Fourth Circuit's decision in *Torres-Miguel*, 701 F.3d 165, to argue that instilling the "fear of injury" in a victim does not necessarily involve the use or attempted use of force. *See* Def.'s Mot. at 13–16. But that case – which of course is not binding on this Court – is distinguishable: it dealt with a California statute that prohibited "willfully threatening to commit a crime that would *result* in death or great bodily injury." *Torres-Miguel*, 701 F.3d at 166 (emphasis added), citing Cal. Penal Code § 422(a). The Fourth Circuit observed that a "crime may *result* in death or serious injury without involving *use* of physical force" – for

example, "by threatening to poison another" – and so it held that "the plain language of § 422(a) does not contain an element requiring the use or threatened use of physical force," and therefore, an offense under that statute could not qualify as a predicate crime of violence under the U.S. Sentencing Guidelines.  *Id.* at 168–69.[11]  The same is not true of Hobbs Act robbery – its very terms require "actual or threatened force, or violence, or fear of injury" caused by the threat of force, as discussed above, and it does not focus on the result of the conduct but on the conduct itself.  *See* 18 U.S.C. § 1951(b)(1).[12]

---

11     The validity of *Torres-Miguel* and its poisoning example has been cast into doubt by *United States v. Castleman*, 134 S. Ct. 1405 (2014), in which the Supreme Court observed that "[t]he 'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm."  *Id.* at 1415.  Accordingly, "that the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."  *Id.* (rejecting the notion that, for example, "pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim").  This undermines defendant's assertion, based on *Torres-Miguel*, that "threatening to poison another . . . involves no use or threatened use of force."  Def.'s Mot. at 14, quoting *Torres-Miguel*, 701 F.3d at 168–69.

12     For that reason, defendant's reliance on *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003), and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), is similarly misplaced. In those cases, the courts considered whether a conviction under state statutes that prohibited conduct that caused physical injury qualified as crimes of violence.  Because the statutes required only that bodily injury to the victim result, the courts found that the offenses lacked a connection between the injury and the use or threatened use of force, and they therefore found that the offenses were not crimes of violence.  *Chrzanoski*, 327 F.3d at 193–94; *Perez-Vargas*, 414 F.3d at 1286–87.  The conduct targeted by those statutes – the end result of causing injury to a victim – is different than the conduct criminalized by the Hobbs Act – robbery effected through "actual or threatened force, or violence, or fear of injury."  18 U.S.C. § 1951(b)(1).

Defendant also relies on the D.C. Circuit's decision in *In re Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008), and the transcript of a sentencing in *United States v. Allen*, No. 15-79 (ESH) (D.D.C. Dec. 16, 2015), which he attached as Exhibit 1 to his motion.  Def.'s Mot. at 13–14; Ex. 1 to Def.'s Mot. [Dkt. # 16-1] ("*Allen* Tr.").  But those cases are also distinguishable, because they dealt with the District of Columbia and Maryland robbery statutes, respectively, which provide different definitions of robbery and require significantly less force than does the Hobbs Act.  *See In re Sealed Case*, 548 F.3d at 1089 (finding that a "sudden or stealthy seizure or snatching" does not qualify as a crime of violence under Section 4B1.2 of the U.S. Sentencing Guidelines); *Allen* Tr. at 7 (noting that "the violence required or a robbery conviction" under the Maryland robbery statute "includes merely offensive touching").

Furthermore, the Court cannot imagine a scenario in which Hobbs Act *robbery* – as opposed to extortion – could be accomplished without the threat or use of physical force against a person or property, and defendant has not offered a plausible one. *Accord Merinord*, 2015 WL 6457166, at *4 ("The Court can conceive of no scenario in which a person commits robbery by fear of physical injury without threatening physical harm to the person or property of another – even the vaunted example of poison fails."). The examples proffered by defendant – "threatening to *poison* [a] person, to expose [a] person to hazardous chemicals, to withhold one's insulin, to place a barrier in front of [a] person's car, to lock [a] person up in the car on a hot day, to lock [a] person at an abandoned site without food or shelter," Def.'s Mot. at 16 – have been found by other courts to involve the use of physical force sufficient to qualify them as crimes of violence:

> [These] hypothetical examples cited by Defendant also involve the use or threatened use of physical force which satisfy the definition of crime of violence set forth in § 924(c)(3)(A). In each example, the threat of physical bodily injury, however administered, is used to coerce the person to relinquish his property.

*United States v. Wells*, No. 2:14-cr-00280-JCM-GWF, 2015 WL 10352877, at *5 (D. Nev. Dec. 30, 2015), report and recommendation adopted, No. 2:14-cr-280-JCM-GWF, 2016 WL 697107 (D. Nev. Feb. 19, 2016); *see also, e.g.*, *McDaniels*, 2015 WL 7455539, at *4–5.

For all of these reasons, the Court is not persuaded that a Hobbs Act robbery can be committed by putting someone in fear of injury to his person in a way that does not involve the use or threatened use of physical force. And, as noted above, if such a problem did exist, it can be cured in this case with a properly drafted jury instruction.

## C.      Unintentional Threat of Physical Force

Finally, defendant argues that "the act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, does not constitute a 'crime of violence' under the force clause because it does not require an *intentional* threat of physical force." Def.'s Mot. at 17.

20

But this argument ignores the rest of the text of the Hobbs Act robbery provision. The statute does not criminalize "the act putting someone in fear of injury" – it criminalizes putting someone in fear of injury *in order to take their personal property*. 18 U.S.C. § 1951(b)(1) (defining robbery as "the unlawful taking or obtaining of personal property from the person . . . against his will, by means of actual or threatened force, or violence, or fear of injury"). In other words, in order to convict a defendant of Hobbs Act robbery, "the government must prove that the defendant *knew* that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating." *Walker*, 2016 WL 153088, at *6. This sort of conduct "plainly involves a higher degree of culpability than accidental, negligent, or even reckless conduct." *Id.*; *accord Merinord*, 2015 WL 6457166, at *4.

The Court is hard pressed to see how a defendant could *unintentionally* take personal property from another, against his will, by means of instilling a fear of injury in that person. *Accord Hancock*, 2016 WL 899239, at *5 ("[T]he Court cannot imagine a realistic scenario where a defendant could accidentally, negligently or even recklessly, use the fear of injury to take property from another person against their will."); *Standberry*, 2015 WL 5920008, at *4 ("[The defendant's] argument envisions a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury."). And in any event, it is impossible to see how the particular crime with which defendant was charged in this case – the armed robbery that serves as the only predicate for the section 924(c) count he has moved to dismiss – could have possibly been committed without intent. So defendant's final argument for why Hobbs Act robbery does not qualify as a crime of violence also fails.

**CONCLUSION**

Because the Supreme Court's categorical approach does not apply to a pre-trial motion to dismiss a count of an indictment, and because defendant's arguments as to why a Hobbs Act robbery does not qualify as a crime of violence under the force clause are unavailing, the Court need not reach defendant's arguments regarding the residual clause, and defendant's motion to dismiss Count Two is denied.

AMY BERMAN JACKSON
United States District Judge

DATE:  May 31, 2016